# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ANTHONY C. SCOTT,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBERS
DE-4324-14-0611-I-1
DE-0752-13-1680-I-2

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony C. Scott</u>, Sierra Vista, Arizona, pro se.

<u>Richard C. Wolfe</u>, Esquire, and <u>Dave L. Miller</u>, Fort Huachuca, Arizona,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), affirmed the agency's chapter 75 removal action, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

dismissed for lack of jurisdiction the appellant's request for corrective action under the Federal Employees' Compensation Act (FECA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The following facts are undisputed.  The appellant was an Information Technology (IT) Specialist with the agency, and he took leave without pay (LWOP) on May 20, 2009, to perform uniformed service in the U.S. Army Reserves.  MSPB Docket No. DE-4324-14-0611-I-1, Initial Appeal File (0611 IAF), Tab 34, Initial Decision (ID) at 4.  On December 10, 2012, the appellant returned to duty in his IT Specialist position, after his medical retirement from the U.S. Army Reserves on December 9, 2012, because of a permanent physical disability.  ID at 5; 0611 IAF, Tab 6 at 15, 17.  On May 20, 2013, the agency proposed to remove the appellant for medical inability to perform his job, citing his submission of an April 3, 2013 letter from his physician stating that the appellant could not continue employment.  ID at 5; MSPB Docket No. DE-0752-13-1680-I-1, Initial Appeal File (1680 IAF), Tab 5 at 95.  In the letter, the appellant's physician referred to the appellant's "severe

injuries/illness following his mobilization and medical retirement from active duty" and stated that the appellant had decided to apply for a "Civil Service Disability packet," which the physician described as "in the best interest of the patient." 1680 IAF, Tab 5 at 98. The appellant's representative submitted a written response opposing the removal action, and the deciding official for the agency sustained the appellant's removal effective July 16, 2013. 1680 IAF, Tab 1 at 16, Tab 5 at 20, 33.

¶3     The appellant filed an appeal with the Board and raised several affirmative defenses to his removal.[2] 1680 IAF, Tab 1. Specifically, he alleged that the agency's removal action: (1) constituted reprisal for his disclosures to the Inspector General; (2) was not in accordance with law because the agency violated Executive Order 5396 by not allowing him to remain in an LWOP status "while undergoing medical treatment" and/or "pending his Disability Retirement Application"; (3) constituted disability discrimination; and (4) violated his rights under USERRA. 0611 IAF, Tab 23 at 3. The appellant also alleged that the agency violated his rights under FECA, which the administrative judge considered both as an independent claim and as an affirmative defense to the agency's removal action. *Id*. at 3-5.

¶4     The administrative judge issued an order informing the appellant of the jurisdictional criteria and burdens of proof applicable to the issues he raised on appeal. 0611 IAF, Tab 23 at 3-30. The administrative judge also joined the appellant's chapter 75 appeal with his separately docketed USERRA appeal for adjudication. 0611 IAF, Tabs 22, 23 at 2. After considering the pleadings

---

[2] The administrative judge granted the appellant's request to dismiss the initial appeal without prejudice to refiling so that the appellant could obtain representation. *See* 1680 IAF, Tab 26. The appellant subsequently obtained new representation and refiled his removal appeal on June 12, 2014. MSPB Docket No. DE-0752-13-1680-I-2, Refiled Appeal File (RAF), Tab 1. The administrative judge joined the refiled appeal for adjudication with the appellant's separately docketed USERRA appeal under MSPB Docket No. DE-4324-14-0611-I-1. RAF, Tab 21; ID at 3-4.

submitted by both parties in the joined appeal, the administrative judge found that the Board has jurisdiction over the appeal and issued an initial decision affirming the appellant's removal based on the written record, because the appellant withdrew his request for hearing. ID at 2, 4; 0611 IAF, Tab 23 at 1.

¶5 Regarding the appellant's USERRA appeal, the administrative judge denied the appellant's request for corrective action. ID at 10. He found that the appellant failed to prove that the agency violated his USERRA restoration rights when he returned from military service on December 10, 2012, by: (1) failing to assign him to his premobilization duties; (2) failing to accord him a process by which his medical abilities would be assessed; and (3) forcing him to return to the rolls immediately instead of giving him 90 days to return to duty. ID at 6, 10. The administrative judge determined that the agency afforded the appellant proper reemployment rights and that he voluntarily returned to work on January 2, 2013. ID at 10. The administrative judge also considered whether the appellant raised a USERRA discrimination claim and found no evidence of discriminatory animus by the agency and no evidence that the appellant's military service was a substantial or motivating factor in his removal. ID at 17.

¶6 As to the appellant's chapter 75 removal appeal, the administrative judge found that the agency proved its charge of medical inability to perform and that there was a nexus between the charge and the efficiency of the service. ID at 11-12. The administrative judge further found that the appellant failed to prove his affirmative defenses by preponderant evidence and that the removal penalty did not exceed the tolerable limits of reasonableness because the medical evidence clearly established a medical inability to perform without a foreseeable end to the appellant's incapacity. ID at 22-23.

¶7 The administrative judge also found that the appellant failed to prove his not in accordance with law affirmative defense based on his allegation that the agency violated Executive Order 5396. ID at 12-14. The administrative judge further found that the appellant failed to establish his whistleblowing affirmative

defense.  ID at 14-16.  Specifically, the administrative judge found that, although the appellant failed to prove that he made a protected disclosure under 5 U.S.C. § 2302(b)(8)(A), he threatened to make a disclosure to an Inspector General, which was protected under 5 U.S.C. § 2302(b)(9)(C).  ID at 16.  The administrative judge also found that the appellant established that the threatened disclosure was a contributing factor in the proposed removal action, but that the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his threatened disclosure.  ID at 16-17.  In analyzing this issue, the administrative judge acknowledged that the proposing official had a motive to retaliate against the appellant but found that the appellant's medical inability to perform his job was an overwhelmingly strong, nonretaliatory reason for proposing the appellant's removal.  ID at 16.  The administrative judge further found that the appellant failed to prove his affirmative defense of disability discrimination based on a failure to accommodate, disparate treatment, or disparate impact.  ID at 18-19.  Concerning the appellant's restoration claim under FECA, the administrative judge found, inter alia, that the appellant had an Office of Workers' Compensation Programs (OWCP) claim but that there was no evidence that he had "recovered sufficiently" to resume working.  ID at 20.  Based on this finding, the administrative judge found that the appellant failed to meet his burden of proving his affirmative defense to the removal action based on an alleged denial of restoration under FECA or establish that the Board has jurisdiction over his FECA claim.[3]  ID at 20-21.

---

[3] The appellant has not challenged, and we therefore discern no reason to disturb, the administrative judge's findings that the appellant failed to establish: (1) his not in accordance with law affirmative defense based on his allegation that the agency violated Executive Order 5396; (2) his whistleblowing retaliation affirmative defense; (3) his disability discrimination affirmative defense; (4) his claim under FECA as an affirmative defense; and (5) that the Board has jurisdiction over his FECA claim as a separate action.

¶8    The appellant filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.  On review, the appellant appears to argue that:  (1) the deciding official stressed his consideration of the *Douglas* factors in determining the removal penalty although those factors do not apply in his case; (2) he proved his affirmative defense of USERRA discrimination; and (3) his removal was not in accordance with law because:  (i) the deciding official refused to hold a hearing and prevented the appellant's representative from making oral statements, and (ii) the agency refused to assist him in processing his disability retirement application and instructed him to return to work, although the agency "was authorized to allow [him] to apply for [Office of Personnel Management (OPM)] disability in September 2012."[4]  PFR File, Tab 1 at 3.  For the reasons stated below, we find the appellant's arguments on review do not affect the outcome of this appeal.

¶9    Generally, removal for physical inability to perform the essential functions of a position promotes the efficiency of the service.  *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 9, 18 (2014) (involving a removal for physical inability to perform from a position not subject to medical evaluation programs). The appellant does not dispute the administrative judge's findings that the agency proved by preponderant evidence that he was physically unable to perform the duties of his position, that there was a nexus between his inability to perform and the accomplishment of the agency's mission, and that his removal promoted the efficiency of the service.  Rather, he asserts on review that the deciding official

---

[4] The appellant also argued on review that his former attorney representative notified him in November 2013 that she never agreed to represent the appellant before the Board, and he asserted that the agency never gave him a certificate of service for all of the documents sent to his former attorney.  He made a similar argument in his initial appeal, which the administrative judge dismissed without prejudice so that the appellant could obtain representation.  0611 IAF, Tab 26 at 2-3.  The appellant subsequently obtained new representation and refiled his removal appeal on June 12, 2014.  RAF, Tab 1.  The appellant, who is acting pro se on review, does not explain how his problems with his former attorney affected the outcome of his appeal and his argument presents no basis for disturbing the initial decision.

considered the *Douglas* factors in his decision, and those factors do not apply here.  PFR File, Tab 1 at 3.

¶10    We agree that the deciding official erred by considering the *Douglas* factors in his removal decision; however, the appellant does not explain how this error adversely affected the outcome of his appeal.  *See Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 18 (2014) (finding that the analysis for mitigating the penalty under *Douglas* does not apply to nondisciplinary actions based on a physical inability to perform).  As noted by the administrative judge, the standard in determining the penalty for a removal based on physical inability to perform is whether the penalty of removal exceeds "the tolerable limits of reasonableness." ID at 22; *Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R. 518, ¶ 14 (2003), *aff'd*, 122 F. App'x 513 (Fed. Cir. 2005); ID at 22.  The administrative judge found that the agency's removal penalty did not exceed the tolerable limits of reasonableness because the medical evidence clearly established that the appellant was physically unable to perform without a foreseeable end to his incapacity.  ID at 22-23.  The appellant submits no new evidence or argument on review showing that the agency's decision to remove him, based on his undisputed medical inability to perform his duties, exceeded the tolerable limits of reasonableness.  Although the appellant reasserts his affirmative defense of USERRA discrimination by alleging that the agency created a "hostile and toxic work environment" to punish him for going on active duty, he fails to identify any evidence in the record that supports this allegation. PFR File, Tab 1; *see* ID at 17.

¶11    The appellant also argues that the deciding official refused to hold a hearing before issuing a decision on his proposed removal and that the agency prevented his representative from making oral statements in opposition to the notice of proposed removal.  The appellant may be attempting to show that his removal was not in accordance with law; however, the appellant fails to identify any law, rule, or regulation that required a hearing on the proposed removal action.

*See* 5 U.S.C. § 7513(c).    Pursuant to 5 U.S.C. § 7513(b)(2), an employee is entitled to a reasonable time to submit an oral and written answer to an adverse action proposed by an agency, and the agency informed the appellant of his right to respond in the proposed removal notice.  0611 IAF, Tab 5 at 42.  Here, however, the record reflects that the appellant's representative submitted a written answer to the agency's notice of proposed removal, and the appellant identifies no evidence in the record showing that the agency prevented him from submitting an oral answer to the proposal notice.  0611 IAF, Tab 1 at 16-24.

¶12        Next, the appellant appears to argue on review that his removal was not in accordance with law because the agency refused to assist him in processing his disability retirement application and ordered him back to work.  PFR File, Tab 1 at 3.  He argues that an OPM regulation allows employees, disabled because of active military duty, to apply immediately for disability and that the agency has a policy of immediate retirement for wounded warriors.  *Id*.  However, the appellant identifies no evidence in the record to support his claim that the agency refused to allow him to apply for disability retirement or that the agency failed to assist him in processing his disability retirement application.  Moreover, although Federal regulations require agencies to file disability retirement applications for disabled employees under very limited circumstances, those circumstances are not present in this appeal.  *See* 5 C.F.R. §§ 831.1205, 844.202.

¶13        Because the appellant's arguments on review present no reason to disturb the initial decision denying the appellant's request for corrective action under USERRA, affirming the agency's removal action under chapter 75, and dismissing the appellant's request for corrective action under FECA, we deny his petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may

choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If

you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision without regard to your discrimination claims, you may request review of this final decision on the other issues in your appeal by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                 _____
                                               William D. Spencer
                                               Clerk of the Board

Washington, D.C.